# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 17-305 |
| ) | Judge Nora Barry Fischer |
| MICHAEL BASTIANELLI, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Defendant Michael Bastianelli filed a Motion to Reconsider Detention Order in Light of COVID-19 Pandemic, which is opposed by the Government. (Docket Nos. 161, 163). For the reasons that follow, Defendant's motion is denied.

Defendant is charged in a two-count Indictment with conspiracy to possess with intent to distribute and distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846, and possession with the intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii). (Docket No. 1). Following a detention hearing, Defendant was released on bond and the Government appealed that order. (Docket Nos. 27, 36). On February 22, 2018, this Court vacated the release order and ordered that Defendant be detained pending trial. (Docket Nos. 60, 61). Notably, the Court found that Defendant did not meet his burden to rebut the applicable presumption of detention under 18 U.S.C. § 3142(e) by presenting some credible evidence that he will not pose a threat to any persons or the community. (Docket No. 60 at 18). Even if Defendant had done so, the Court alternatively found that the Government established by clear and convincing evidence that Defendant is a danger to the community. (*Id.*).

1

A change of plea hearing was scheduled to occur in Defendant's case on March 18, 2020. (Docket No. 149). On March 16, 2020, defense counsel moved to postpone the change of plea hearing due to logistical issues and precautionary measures related to COVID-19, which the Court granted. (Docket Nos. 159, 160).

On March 20, 2020, Defendant filed the pending motion to reconsider the detention order in which he requests that he be released from the Allegheny County Jail ("ACJ") to home detention with electronic monitoring. (Docket No. 161 at 2, 8-9). In requesting this relief, Defendant cites the provision of the Bail Reform Act governing temporary release, which states in pertinent part: "[t]he judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States Marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another ***compelling reason.***" 18 U.S.C. § 3142(i) (emphasis added). (Docket No. 161 at 5-6). Despite this requirement, Defendant specifies no compelling reason for release, such that he suffers from a serious health condition which places him at higher risk for contracting the COVID-19 virus, and only argues that the virus poses a risk to him and to other inmates and his ability to meet and communicate with his counsel has been thwarted by this pandemic. (*Id.* at 6). Defendant has not sought a hearing, and the Court is unaware of any authority that provides a defendant with a right to a hearing when he seeks temporary release under § 3142(i). As such, the Court renders its decision based on the parties' submissions and the record in this case.

The Court recognizes the potential for Defendant's exposure to the COVID-19 virus at the ACJ; however, that potential currently exists anywhere in the community. As explained in the Government's response, the ACJ, along with this Court and other local authorities, have taken precautions to mitigate the spread of the COVID-19 virus amongst the population of Allegheny

2

County, including those individuals detained in the ACJ. At this time, the COVID-19 virus has not been detected in inmates at the ACJ or employees who have direct contact with them[1] and, as noted, Defendant does not have any medical condition which places him at higher risk for contracting COVID-19. While the Court is sympathetic to Defendant's general concern about the COVID-19 virus, speculation about possible future conditions does not constitute a "compelling reason" for temporary release.[2] Other courts in this District have reached the same conclusion. *See United States v. Sharod Green*, Crim. No. 19-85, Docket No. 46 (W.D. Pa. Mar. 27, 2020) (Conti, J.) (denying motion for temporary release under 18 U.S.C. § 3142(i) due to COVID-19); *United States v. David Colaianni*, Crim. No. 19-352, Docket No. 40 (W.D. Pa. Mar. 26, 2020) (Stickman, J.) (same); *United States v. George Washington Crute, III*, Crim. No. 19-299, Docket No. 37 (W.D. Pa. Mar. 26, 2020) (Stickman, J.) (same); *United States v. Dana Penney and Christian Stevens*, Crim. No. 19-8, Docket No. 1795 (W.D. Pa. Mar. 18, 2020) (Ranjan, J.) (same).[3] In sum, Defendant's argument for release does not outweigh the factors considered by

---

[1] On March 27, 2020, it was reported that an employee at the ACJ has tested positive for COVID-19, but Allegheny County officials said that employee did not provide direct care to inmates at the jail and has not been at work since the afternoon of Thursday, March 19, 2020. Allegheny County officials said that there are no positive cases of COVID-19 among direct-contact employees or inmates at the ACJ at this time. *See* wtae.com, "*Allegheny County Jail employee tests positive for COVID-19,*" available at: https://www.wtae.com/article/allegheny-county-jail-employee-tests-positive-for-covid-19/31960287# (last visited Mar. 27, 2020).

[2] Likewise, Defendant's claim that the COVID-19 pandemic has thwarted his ability to meet and communicate with his counsel is not a compelling reason. As noted in Defendant's motion, he has reached an agreement with the Government and is prepared for a change of plea hearing. (Docket No. 161 at 1, n. 1). Given same, Defendant's need to meet with his counsel would appear to be less pressing at this time. To the extent Defendant requires additional time to confer with his counsel, this Court is inclined to grant a requested extension to mitigate any difficulties caused by the current public-health crisis.

[3] This Court and its colleagues have also dealt with comparable motions in cases involving a defendant's request for release pending sentencing due to the COVID-19 pandemic, which also were denied. *See United States v. Jamar Perminter*, Crim. No. 19-145, Docket No. 74 (W.D. Pa. Mar. 25, 2020) (Fischer, J.); *United States v. Danny Jackson*, Crim. No. 18-216, Docket No. 237 (W.D. Pa. Mar. 24, 2020) (Ambrose, J.); *United States v. Willie Harris*, Crim. No. 18-152, Docket No. 986 (W.D. Pa. Mar. 20, 2020) (Schwab, J.).

this Court in ordering his detention, which the Court concludes remains appropriate. Accordingly, the Court enters the following Order:

AND NOW, this 27th day of March, 2020, IT IS HEREBY ORDERED that Defendant's Motion to Reconsider Detention Order in Light of COVID-19 Pandemic (Docket No. 161) be, and the same hereby is, DENIED.

<u>s/ Nora Barry Fischer</u>
Nora Barry Fischer
Senior United States District Judge

cc/ecf: All counsel of record